NEW ORLEANS & N. E. R. CO. *v.* NEW ORLEANS GREAT NORTHERN R. CO.

[65 .South. 508.]

1. ACCOUNT. *Equity. Jurisdiction. Adequacy of legal remedy. Pleading. Multifariousness. Code 1906, section 598.*
   Where complainant railway company, while operating its trains over defendant's railway tracks under a joint agreement, sustained a wreck and a collision due to the negligence of the servants of defendant, thereby suffering great damages .and being compelled to pay large sums of money to divers persons, and its rights may depend upon the statement of a mutual account involving many items. In such case complainant not having a full, adequate and complete remedy at law for damages may maintain a suit in equity for the statement of a mutual account.

2. EQUITY. *Pleading. Demurrer. General demurrer.*
   A general demurrer must be sustained or overruled in its entirety.

3. EQUITY. *Pleading. Multifariousness. Code 1906, section 598.*
   Under Code 1906, section 598, so providing, the uniting in the same bill of several distinct and unconnected matters of equity against the same defendant does not render the bill multifarious.

Appeal from the chancery court of Pearl River county. Hon. R. E. Sheehy, Chancellor.

Bill by the New Orleans Great Northern Railroad Company against the New Orleans Railroad Company. From a judgment overruling its demurrer to the bill, defendant appeals.

Appellee was complainant in the court below, and appellant was defendant. Appellant is referred to as the Northeastern Railroad, and appellee as the Great Northern. This suit was begun by a bill in chancery filed by the Great Northern Railroad Company, alleging that it operated a line of railway in the states of Mississippi and Louisiana, and that by virtue of an agreement entered into between the two companies the Great Northern Company operated its trains over a part of the track of the Northeastern Company between Slidell, Louisiana, and New Orleans, Louisiana, a distance of about thirty miles. Complainant alleges that, while operating its train upon the defendant's tracks under said agreement, a train of complainant was derailed at Sea Brook, Louisiana, because of the alleged negligence on the part of the defendant in not properly maintaining its tracks, and that at another time a train of complainant collided with the end of a train of defendant at Little Woods, Louisiana, said collision being due to the alleged negligence of defendant, and that by both of these accidents the complainants suffered great damage and had to pay large sums of money to divers persons who were injured, and suffered largely by destruction of its property.

The prayer of the bill is for an injunction to restrain the defendant from instituting any suit or suits against complainant touching the subject-matter of this suit, and for the appointment of a master to state an account of all items of expenditure by both complainant and defendant growing out of the two accidents, and for a decree against the defendant for the amount of liability found by said master to complainant for all sums

of money paid out on claims and expenses for injury to its property. The bill also prays that paragraphs 9 and 10 of the contract between the two companies be declared invalid, and that the rules of law applicable to causes of action involved and growing out of said contract be applied to the recovery and enforcement of the cause of action between complainant and defendant, and that, if said paragraph 9 of said agreement is to be given effect, then it is alleged that the defendant's negligence is the proximate cause of both of said accidents, and by reason of such negligence it has become liable to the complainant, and the bill prays that said company be adjudged to be solely responsible for both of such accidents.

Said agreement contains the following provisions, to wit:

Ninth. The responsibility of the parties hereto, as between themselves, for the defense or payment of all claims, demands, suits, judgments, and sums of money, to any person accruing for loss or injury, either to person or estate, arising out of the operation of the tracks and facilities to be jointly used hereunder, shall be distributed as follows, that is to say:  .  .  .  (d) When the proximate cause of any such damage shall be negligence in the maintenance of any portion of the tracks or property jointly used, then, each party hereto shall be solely responsible for and shall bear all loss incident to or resulting from the wreck, derailment, or other accident to its own trains, in all respects as if such accident had occurred on a portion of its own line used solely by it. When under the terms of this agreement, it shall be the duty of any superintendent, trainmaster, train dispatcher, or telegraph operator of the Northeastern Company to move any train of the Great Northern Company, he shall be considered the employee of the Great Northern Company in the performance of, or omission to perform, such duty, within the purview of the provisions hereinbefore set forth.

The tenth paragraph, referred to, provides that if, at any time, a difference of opinion shall arise between parties in respect to the provisions of the agreement, or as to their rights or liabilties under it, the same shall be referred to "amicable compounders," etc.

There was a general demurrer filed by the defendant, which the court overruled, and this appeal is taken.

*J. Blanc Monroe* and *R. H. & J. H. Thompson,* for appellant.

*Marlin E. Olmstead* and *Green & Green,* for appellee.

SMITH, J., delivered the opinion of the court.

Conceding that appellee has only one cause of action on account of the damages alleged to have been sustained by it by reason of the Little Woods wreck, and only one by reason of the damages alleged to have been sustained by it by reason of the Sea Brook derailment, and that it has a remedy at law for the collection thereof, such remedy is far from being plain, adequate, and complete. Its right may depend upon the stating of a mutual account, and in any event, if it is entitled to recover at all, the amount thereof will depend upon the correctness of the many items composing its account, the proof of which will be attended by such difficulties and complications as to render it well-nigh impossible for a jury to bear in mind the evidence relative thereto when considering what verdict it will render. This account can be stated accurately only by the methods employed in a court of chancery.

Appellant contends, however, that the bill discloses no liability on its part, and therefore no occasion for an accounting arises. There is no merit in this contention, for independently of the contested provisions of the contract sued on, and which we will leave altogether out of view, appellee will be entitled to recover the damages sustained by it on account of the Little Woods wreck in

the event the evidence discloses that this wreck was occasioned by what is alleged to have occurred at South Point, for the negligence there complained of is not the negligence of any of the character of employees mentioned in paragraph "d" of the ninth subdivision of the contract. This being true, it is not necessary for us to determine whether the bill states a cause of action with reference to the Sea Brook derailment, and we will therefore leave the allegations of the bill relative thereto entirely out of view in this connection, for the demurrer is a general one, and must be sustained or overruled in its entirety.

It is true that the causes of action for the damages alleged to have been sustained by appellee by reason of the Little Woods wreck and Sea Brook derailment are separate, but both of them present matters of equitable cognizance, in that it is necessary for the two accounts relative thereto to be stated in accordance with the methods pursued in a court of equity, and therefore the bill is not multifarious under the provisions of section 598 of the Code.

Affirmed and remanded, with leave to appellant to answer the bill within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*

### ON MOTION TO CORRECT OPINION.

The decree of the court below was affirmed on a former day of this term, and we have now been requested by counsel on both sides for a modification of the language in which a portion of the opinion rendered was couched. That language is as follows:

Appellant contends, however, that the bill discloses no liability on its part, and therefore no occasion for an accounting arises. There is no merit in this contention, for independently of the contested provisions of the con-

tract sued on, and which we leave altogether out of view, appellee will be entitled to recover damages sustained by it on account of the Little Woods wreck in the event the evidence discloses that this wreck was occasioned by what is alleged to have occurred at South Point, for the negligence there complained of is not the negligence of any of the character of employees mentioned in paragraph "d" of the ninth subdivision of the contract.

We do not think this language could be held to imply what counsel are afraid it does, but, in order that there may be no doubt on that score, we will say that it should be read as if written:

Appellant contends, however, that the bill discloses no liability on its part, and therefore no occasion for an accounting arises. There is no merit in this contention, for independently of the contested provisions of the contract sued on, upon which we express no opinion, appellee will be entitled to recover damages sustained by it on account of the Little Woods wreck in the event the evidence discloses that what is alleged to have occurred at South Point was the proximate cause of this wreck for the negligence there complained of is not the negligence of any of the character of employees mentioned in paragraph "d" of the ninth subdivision of the contract.

Of course, we do not mean to imply that the court below is precluded from considering any other elements of negligence averred in the bill proximately causing the injury complained of at Little Woods. We have simply left these other elements out of view, and expressed no opinion relative thereto, for the reason that it was unnecessary to do so on this appeal. Neither have we meant to imply that appellant is cut off from any defense it may have with reference to the Little Woods wreck not disclosed by the bill of complaint and which may hereafter be made to appear in a proper manner.